```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

**JORDAN BRADLEY ROWE,**

    **Plaintiff,**

**v.**                                           **CIVIL ACTION NO. 1:25-00180**

**TRAVELERS INDEMNITY COMPANY,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendations ("PF&R) on April 11, 2025, in which he recommended that the court (1) grant defendant's motion to dismiss; (2) dismiss plaintiff's amended complaint with prejudice, and (3) remove the matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendations. The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). On April 21, 2025,

plaintiff filed objections to the PF&R.  It is worth noting that this court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Plaintiff's complaint arises out of an incident involving himself and Lieutenant R.M. Combs of the Princeton Police Department ("PPD").  According to plaintiff, he was subjected to excessive force and unlawfully arrested at the hands of Combs. Defendant Travelers Indemnity Company ("Travelers") is PPD's insurer.  Eventually, Rowe settled his complaint against Combs and PPD with defendant Travelers for $10,000.00 and signed a Full and Final Release of All Claims.  See ECF No. 11-2.

In this action, Rowe is suing Travelers regarding its actions in settling his complaint against Combs and PPD. According to him, Travelers "failed to conduct a reasonable investigation into the plaintiff's claims[.]"  ECF No. 5-1.  He further alleges that Travelers' "failure to assess this evidence appropriately constitutes a violation of its duty to properly evaluate claims under West Virginia insurance law."  Id. According to Rowe, Travelers also "engaged in unfair settlement practices by offering an unreasonably low settlement" and

"obstructed a fair resolution of the plaintiff's claims by failing to engage in meaningful settlement negotiations." Id.

Travelers moved to dismiss the complaint, arguing that third-party bad faith claims are not permitted under West Virginia law. Magistrate Judge Aboulhosn agreed and recommended that the court grant the motion to dismiss. As he put it, Rowe "is preoccupied with the false notion that his lawsuit is not a 'bad faith' claim, but he is mistaken, as the claims he has set forth are clearly covered under the Unfair Trade Practices Act, W. Va. Code § 33-11-49(9)[.]" ECF No. 16 at 7.

In 2005, West Virginia "expressly prohibited statutory third-party bad faith causes of action against insurers under W. Va. Code § 33-11-4a(a)." Loudin v. National Liability & Fire Ins. Co., 716 S.E.2d 696, 700 (W. Va. 2011). Furthermore, "a third party claimant has no cause of action against an insurance carrier for common law breach of the implied covenant of good faith and fair dealing or for common law breach of fiduciary duty." Elmore v. State Farm Mut. Auto. Ins. Co., 504 S.E. 2d 893, 438 (W. Va. 1998).

Given that West Virginia law does not allow him to bring bad faith claims against Travelers, Rowe maintains that the "PF&R Mischaracterizes the Nature of Plaintiff's Claims as 'Third-Party Bad Faith'". ECF No. 18 at 2. According to Rowe, his claims herein "for unfair settlement practices, negligent

3

handling, intentional misrepresentation, and obstruction of access to remedies are distinct fact-based torts." Id. at 3. Plaintiff insists that he alleged "multiple plausible legal claims under West Virginia tort law[.]" Id. The court disagrees.

Notwithstanding his attempts to characterize them otherwise, plaintiff's claims herein are clearly third-party bad faith claims. As the PF&R noted, the actions complained of fall within the West Virginia Unfair Trade Practices Act, § 33-11-4(9). Although Rowe insists that he has pled cognizable tort and constitutional claims, he has not done so.

In evaluating the sufficiency of a pleading, the cases of Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), provide guidance. When reviewing a motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted, a court must determine whether the factual allegations contained in the complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and, when accepted as true, "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (quoting Conley, 355 U.S. at 47; 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)). "[O]nce a claim has been stated adequately, it may be supported by showing

4

any set of facts consistent with the allegations in the complaint." Id. at 563. As the Fourth Circuit has explained, "to withstand a motion to dismiss, a complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" Painter's Mill Grille, LLC v. Brown, 716 F.3d 342, 350 (4th Cir. 2013) (quoting Twombly, 550 U.S. at 570).

According to Iqbal and the interpretation given it by our appeals court,

> [L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes. See Iqbal, 129 S. Ct. at 1949. We also decline to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n. 26 (4th Cir. 2009); see also Iqbal, 129 S. Ct. at 1951-52.
>
> Ultimately, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Facial plausibility is established once the factual content of a complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, the complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims "'across the line from conceivable to plausible.'" Id. at 1952 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).
>
> Satisfying this "context-specific" test does not require "detailed factual allegations." Id. at 1949-50 (quotations omitted). The complaint must, however, plead sufficient facts to allow a court, drawing on "judicial experience and common sense," to infer "more than the mere possibility of misconduct."

> Id. at 1950. Without such "heft," id. at 1947, the plaintiff's claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability," id. at 1949, fail to nudge claims "across the line from conceivable to plausible." Id. at 1951.

Nemet Chevrolet, LTD v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); see also Midgal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 326 (4th Cir. 2001) ("The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion.").

Plaintiff has failed to sufficiently plead supporting facts or provide any plausible allegations of misconduct which would entitle him to relief against Travelers. With respect to any constitutional and/or claims under 42 U.S.C. § 1983, there are no factual or reasonable grounds supporting any theory of liability against Travelers. Plaintiff does not allege nor is there is any indication that Travelers is a state actor. As for any fraud claim(s), Rowe does not comply with the heightened pleading requirements governing such claims.

Based upon the foregoing, plaintiff's objections are **OVERRULED**. Defendant's motion to dismiss is **GRANTED**. Because plaintiff has asked for leave to amend, the court will delay entry of the judgment order for a period of thirty (30) days. During that thirty-day period, plaintiff may seek leave of the

court to file a second amended complaint to address the deficiencies noted herein.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record, and to plaintiff, pro se.

IT IS SO ORDERED this 24th day of October, 2025.

ENTER:

David A. Faber
Senior United States District Judge